## H. & T. C. R'y Co. v. I. Hays & Co.

### (No. 784, Op. Book No. 2, p. 265.)

APPEAL from Harris County. Opinion by CLARK, J.

§ 759. *Accounts; meaning of, as used in act regulating the collection of; does not embrace a tort.* The legislative purpose in the enactment of the act of April 2, 1874 [Laws 1874, chap. 43], was, as expressed in its title, "to regulate the collection of accounts." It is scarcely to be inferred that the term "accounts" was loosely employed, or that it was intended to be given so broad a construction as to cover every piece of paper a party might choose to call an account, and be utilized as a *prima facie* case, even though the nature of the action disclosed that it was for a tort, and not for a breach of contract. The mischief to be remedied was the delay and expense incident to all suits upon open accounts, no matter how small, and the remedy designed was to dispense with the necessity of proof in cases of dealings between parties in the sale and purchase of specific articles where, as is al-

most universally the case, the actual commodity is designated and stipulated for, and the price agreed on between the parties. To entitle a party to the benefit of the statute, the account should have been contracted in the ordinary course of trade, and should exist by virtue of a contract between the parties to the suit, and not be incidental to the suit arising upon a contract between the plaintiff and third parties. The suit must be brought on the account, and upon its face it ought, at least, to show a transaction between the parties, by which the defendant is *prima facie* bound for the payment of the several items therein charged for goods sold and delivered, or other transaction legitimately forming the basis of an account proper.

March 20, 1880.            Reversed and remanded.

NOTE.— The above decision, construing the act of 1874, is applicable to the present statute. [R. S. 2266; Acts 18th Leg. p. 110.]